UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

Elbert Dawkins, on behalf of himself and
all others similarly situated,

                Plaintiff[s],         **CIVIL CASE MANAGEMENT PLAN**

                                            1:22_-cv-_2626 (HG)

            -against-

L.L. Bean, Inc.,

                Defendant[s].

-------------------------------------------------------------x

**HECTOR GONZALEZ**, United States District Judge:

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Federal Rules of Civil Procedure 16 and 26(f). The parties should not anticipate extensions of the deadlines specified in this order and shall not make a unilateral decision to stay or halt discovery on the basis of settlement negotiations, or for any other reason, in anticipation of an extension.

    1. **Fact Discovery**

        a.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York. All fact discovery is to be completed by 10/21/2022, which date shall not be adjourned except upon a showing of good cause and further order of the Court.

        b.    The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto. Interim deadlines for

        these discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can meet the discovery completion date.

    c.    For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

    d.    Any motion to amend pleadings or to join additional parties not allowed as of right pursuant to the Federal Rules of Civil Procedure must be raised through a pre-motion letter that complies with Section IV.A of the Court's Individual Practices by __9/29/2022__.

2. **Expert Discovery**

    a.    The parties agree that there [is _X_ / is not ___ ] a need for expert discovery.

    b.    All expert discovery is to be completed by __12/20/2022__, which date shall not be adjourned except upon a showing of good cause and further order of the Court.

    c.    If the parties agree that there is no need for expert discovery, all discovery shall be completed by the deadline for fact discovery, unless – prior to that date – a party files a motion seeking an extension for purposes of taking expert discovery, which must comply with Section I.D of the Court's Individual Practices. Any such motion should explain why expert

        discovery has become necessary and propose a schedule for such discovery.

3. **Post-Discovery Motions**

    a. Ten business days after the completion of fact or expert discovery, whichever occurs later, the parties shall file pre-motion letters related to any proposed motions for summary judgment or motions to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) line of cases.

    b. Any such pre-motion letters shall comply with Section IV.A of this Court's Individual Practices, including the requirement that any such letters related to a motion for summary judgment contain the statement of material facts required by the Eastern District of New York's Local Civil Rule 56.1.

    c. There shall be no cross-motions. Any motions not raised in a pre-motion letter by the deadline specified above will not be considered. The papers served and filed pursuant to any motions allowed by the Court shall comply with the requirements in Section IV.B of this Court's Individual Practices.

4. **Pre-Trial Submissions**

    a. The case [is __X__ / is not ____ ] to be tried to a jury.

    b. The parties shall submit to the Court for its approval a Joint Pretrial Order containing the content described in Section VI.B of the Court's Individual

3

          Practices either: (a) within 60 days after the completion of fact or expert discovery, whichever occurs later, or (b) if a post-discovery motion described in Paragraph 3 of this order has been filed, within 30 days after a decision on such motion.

    c.    The parties shall file any motions *in limine* 30 days in advance of trial in accordance with Section VI.C of the Court's Individual Practices.

    d.    The parties shall file any requests to charge, proposed verdict sheets, and proposed *voir dire* questions 10 business days in advance of trial in accordance with Section VI.C of the Court's Individual Practices.

5.    This order may not be modified or the dates herein extended, except by further order of this Court requested in accordance with Section I.D of the Court's Individual Practices. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline. Further, the use of any alternative dispute resolution mechanism does not stay or modify any date in this order. Indeed, unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.

**SO ORDERED.**

                                              */s/ Hector Gonzalez*
                                                Hector Gonzalez
                                          United States District Judge

Dated: Brooklyn, New York
       July 13, 2022

## ATTACHMENT A

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| [*If applicable*] Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) | 8/12/2022 |
| [*If applicable*] HIPAA-required medical records release authorizations | n/a |
| Service of Requests for Production and Interrogatories | 8/22/2022 |
| Response to Requests for Production and Interrogatories | 9/21/2022 |
| Service of Requests for Admissions | 8/22/2022 |
| Response to Requests for Admissions | 9/21/2022 |
| Service of contention Interrogatories | 9/30/2022 |
| Response to contention Interrogatories | 10/10/2022 |
| Completion of fact witness depositions | 10/21/2022 |
| Completion of fact discovery | 10/21/2022 |
| Completion of expert discovery, including production of reports and related documents and depositions | 12/20/2022 |

## ATTACHMENT B

For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:

1.  **PLAINTIFF'S CLAIMS:**

    Plaintiff seeks a permanent injunction to cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's website will become and remain accessible to blind and visually-impaired consumers. Plaintiff also seeks an award of damages and attorney's fees.

2.  **COUNTERCLAIMS AND CROSS-CLAIMS:**

    Defendant is not aware of any counterclaims or cross claims at this time.

3.  **THIRD-PARTY CLAIMS:**